[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were at issue and were both fully heard during the course of a one day trial. The court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance. All pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders.
 ORDERS
DISSOLUTION OF MARRIAGE
CT Page 4377
The marriage is dissolved on the grounds of an irretrievable breakdown.
CUSTODY AND VISITATION
The agreement of the parties dated March 27, 2001 regarding custody and visitation was reviewed by the court and is incorporated herein by reference.
CHILD SUPPORT
The Husband shall pay to the Wife child support of $104.00 per week (based upon an income capacity of $733.00 per week) pursuant to a contingent wage withholding order. In addition, he shall pay $37.45 per week as a contribution to child care expenses actually incurred pursuant to the child support guidelines. In the event that both parties agree to send their child to private school, the expenses for same are to be shared equally.
LIFE INSURANCE
Each party shall name the minor child beneficiary on any life insurance coverage available to him or her, without cost, from their place of employment.
MEDICAL INSURANCE
Medical insurance orders are as indicated in the custody and visitation agreement dated March 27, 2001.
ALIMONY
No alimony is awarded.
REAL ESTATE
The Husband shall quitclaim to the Wife his interest in the marital residence located at 10 Putney Drive, West Haven subject to the outstanding mortgage which the parties executed to the Husband's uncle Tulio Crovetto in the amount of $100,000.00. The Wife shall assume said mortgage and hold the Husband harmless from any and all claims regarding same. Within one year from date, the Wife shall pay to the Husband the sum of $11,000.00 for his interest in the equity of said property, and she shall cause the Husband's name to be removed from any liability concerning same. In the event she is unable to have his name removed from any liability on the mortgage, the property shall be listed for sale and CT Page 4378 sold to the buyer with the first reasonable offer.
PERSONAL PROPERTY
The minor child's Peoples Bank CD and savings account, shown on the Husband's financial affidavit, with the Husband as custodian, and the minor child's Peoples savings account, shown on the Wife's financial affidavit, with the Wife as custodian, shall henceforth be under the joint control of the parties. Immediate steps are to be taken to have said accounts changed as per this order.
Each party is to retain the personal property, including bank accounts, in their possession and control without claim from the other.
The 1995 Plymouth automobile shall remain the property of the Husband and the 1998 Oldsmobile shall remain the property of the Wife subject to the outstanding loan obligation which she shall assume.
The Wife shall retain her retirement benefits without claim from the Husband.
LIABILITIES
Each party shall be responsible for their own liabilities.
COUNSEL FEES
No counsel fees are awarded.
TAXES
By April 15 of each year, until there is no longer any obligation for child support, the parties shall exchange their complete IRS returns in order to determine that the child support payment is appropriate under the circumstances then existing.
The Wife shall be entitled to claim the minor child as a dependent on her state and federal income tax returns. This provision shall be subject to modification.
MISCELLANEOUS
Each party shall sign any necessary documents to effectuate the orders contained herein.
Plaintiff's counsel shall prepare the judgment file, have it certified by CT Page 4379 defendant's counsel, and file it with the court within 30 days.
CUTSUMPAS, J.